**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-07605-CAS(MAAx) | Date | November 21, 2019 |
| Title | THE ATRIUM GROUP, LLC v. CITY OF PASADENA ET AL. | | |

---

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:       Attorneys Present for Defendants:

Not Present                             Not Present

**Proceedings:** (IN CHAMBERS) – DEFENDANT'S *EX PARTE* APPLICATION TO SET ASIDE PORTIONS OF THE COURT'S NOVEMBER 14, 2019 ORDER (Dkt. [ 41 ], filed November 20, 2019)

The Court is in receipt of defendant Harvest of Pasadena, LLC's ("Harvest") *ex parte* application, dkt. 41 ("Mot."), to set aside portions of the Court's November 14, 2019 order, dkt. 40 ("Order"). For the following reasons, Harvest's application is **DENIED**.

Pursuant to a joint stipulation between plaintiff The Atrium Group, LLC ("Atrium"), and defendant City of Pasadena ("the City"), defendant Hinderliter, de Llamas and Associates ("HdL"), defendant Steven Mermell ("Mermell"), and defendant David Reyes ("Reyes") (collectively, "the stipulating defendants"), the Court previously continued the hearing on the stipulating defendants' motions to dismiss from December 2, 2019, to March 2, 2020. Order at 1. Harvest was *not* a party to the joint stipulation between Atrium and the stipulating defendants. Dkt 35. On the Court's own motion, however, the Court also continued the hearing on Harvest's anti-SLAPP motion from December 2, 2019, to March 2, 2020. Order at 1. The Court also ordered that "[t]he briefing deadlines on these motions shall be calculated from this new hearing date." Id. at 2.

Harvest now seeks *ex parte* relief from the Court's November 14, 2019 order on two bases. First, Harvest contends that the Court's order "violated CCP section 425.16(f) that requires anti-SLAPP Motions be heard within 30 days of filing unless the docket conditions of the court require a later hearing. The new hearing date continues Harvest's anti-SLAPP Motion for 91 days." Mot. at 2. Second, according to Harvest, the Court's order "violated Local Rule 7–9 and Federal Rule of Civil Procedure 6(b)(1) . . . [s]ince Atrium failed to timely file opposition papers[,] [Rule] 6(b)(1)(B) mandates that an extension may be granted **only** by way of a motion based on excusable neglect." Id. at 2–3 (emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:19-cv-07605-CAS(MAAx) | Date | November 21, 2019 |
| Title | THE ATRIUM GROUP, LLC v. CITY OF PASADENA ET AL. | | |

California's anti-SLAPP statute, which authorizes a defendant to bring a special motion to strike claims designed to chill expression, provides:

> The special motion may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper. The motion shall be scheduled by the clerk of the court for a hearing not more than 30 days after the service of the motion unless the docket conditions of the court require a later hearing.

Cal. Civ. Proc. Code § 425.16(f). Section 425.16(g) further provides that "[a]ll discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to this section. The stay of discovery shall remain in effect until notice of entry of the order ruling on the motion." Cal. Civ. Proc. Code § 425.16(g). These provisions create a mechanism for "early resolution [that] is consistent with the statutory design to prevent SLAPPs by ending them early and without great cost to the SLAPP target, a purpose reflected in the statute's short time frame for anti-SLAPP filings and hearings and provision for a stay of discovery." Equilon Enterprises v. Consumer Cause, Inc., 29 Cal. 4th 53, 65 (2002) (internal citations and quotation marks omitted).

The Ninth Circuit has determined that, "[t]ogether, these two subsections create a default rule that allows the defendant served with a complaint to immediately put the plaintiff to his or her proof before the plaintiff can conduct discovery." Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 846 (9th Cir. 2001) (internal citation and quotation marks omitted). As such, "the requirements set forth in subsections 425.16(f) and (g) fundamentally collide with federal courts' rules of procedure." Sarver v. Chartier, 813 F.3d 891, 900 (9th Cir. 2016). "For this reason, sections 425.16(f) and (g) do not apply to litigation in federal court." Wichmann v. Levine, No. 2:16-cv-00841-KJM-EFB, 2016 WL 4368136, at *4 (E.D. Cal. Aug. 16, 2016). The Court therefore concludes that Section 425.16(f), which requires the clerk of court to schedule a hearing on an anti-SLAPP motion no more than 30 days after the service of the motion, does not apply in federal court.

Rule 6(b)(1)(B) provides that [w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Local Rules of the Court provide that '[e]ach opposing party shall, . . . not later than twenty-one (21) days before the date designated for the hearing of the motion in all other instances," file any opposition brief. C.D. Cal. L.R. 7–9. According to Harvest, "[s]ince Atrium failed to timely file opposition papers [to Harvest's anti-SLAPP motion] pursuant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:19-cv-07605-CAS(MAAx) | Date | November 21, 2019 |
|---|---|---|---|
| Title | THE ATRIUM GROUP, LLC v. CITY OF PASADENA ET AL. | | |

to Local Rule 7-9, Federal Rule of Civil Procedure 6(b)(1)(B) mandates that an extension may be granted **only** by way of a motion based on excusable neglect." Mot. at 7 (emphasis in original).

Harvest contends that Atrium's opposition to Harvest's anti-SLAPP motion was due on November 12, 2019. Mot. at 7. On November 12, 2019, that same day, the Court ordered that "[t]he hearing on Stipulating Defendants' Motions to Dismiss . . . which are presently set before this Court for December 2, 2019, are continued to March 2, 2020[.]" Dkt. 36. The Court's order, however, specifically referenced Harvest's anti-SLAPP motion as one of the motions for which the Court was continuing the hearing from December 2, 2019, to March 2, 2020. Id. On November 14, 2019, after Harvest submitted a request for clarification noting that Harvest "was not a stipulating defendant," the Court clarified that, "[o]n the Court's own motion," the Court was continuing the hearing on Harvest's anti-SLAPP motion to March 2, 2020. Order at 2. Because the Court's initial order on November 12, 2019, the same day on which Atrium's opposition would have been due, specifically referenced Harvest's anti-SLAPP motion by its docket number and continued the hearing on that motion until December 2, 2019, the Court concludes that Atrium was not required to file an opposition to Harvest's anti-SLAPP motion on November 12, 2019. Therefore, for the purposes of Local Rule 7–9, Atrium's time for filing an opposition did not expire, and Atrium need not seek an extension by way of a motion pursuant to Rule 6(b) that demonstrates that Atrium "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

Moreover, "[d]istrict courts have 'inherent power' to control their dockets." S. California Edison Co. v. Lynch, 307 F.3d 794, 807 (9th Cir. 2002). Indeed, "[t]he district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing." Christian v. Mattel, Inc., 286 F.3d 1118, 1129 (9th Cir. 2002). To the extent that Atrium was required to file an opposition brief on November 12, 2019, the Court's November 14, 2019 order clarified that although Harvest was not a party to the joint stipulation between Atrium and the stipulating defendants, the Court was continuing the hearing on Harvest's anti-SLAPP motion to March 2, 2020, and that "[t]he briefing deadlines . . . shall be calculated from this new hearing date." Order at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:19-cv-07605-CAS(MAAx) | Date | November 21, 2019 |
| Title | THE ATRIUM GROUP, LLC v. CITY OF PASADENA ET AL. | | |

For the foregoing reasons, the Court **DENIES** Harvest's *ex parte* application. The hearing on stipulating defendant's motions to dismiss and Harvest's anti-SLAPP motion shall remain set for hearing on **March 2, 2020, at 10:00 a.m.** Additionally, the briefing deadlines on these motions shall be calculated based on this March 2, 2020 hearing date.

IT IS SO ORDERED.

| | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |